IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JADWIGA KONIECZKA and RAJMUND KONIECZKA, <br><br> Plaintiffs, <br><br> v. <br><br> WACHOVIA MORTGAGE CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) 11 C 0071 <br><br> Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Jadwiga Konieczka and Rajmund Konieczka ("Plaintiffs") filed suit against Wachovia Mortgage Corporation ("Wachovia") alleging a breach of contract in Count I, and in Count II, a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). The Court previously dismissed Count II and granted Plaintiffs leave to amend Count II to state a claim under the appropriate subsection of the FCRA. (Doc. 56). Instead, Plaintiffs filed a Fourth Amended Complaint (the "Complaint"), in which they assert a violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") in Count II, and a claim for common law defamation in Count III. Wachovia moves to dismiss the RESPA claim in Count II, for failure to allege any actual damages caused by Wachovia's purported failure to respond to their inquiry. Wachovia also moves to dismiss the defamation claim in Count III, alleging it fails to identify any specific defamatory words and is preempted by the FCRA. For the following reasons, the Court grants Wachovia's motion to dismiss Counts II and III, and further orders the parties to appear for a status hearing on April 3rd, 2012, for Plaintiffs to show cause why Count I, and therefore the entire suit, should not be dismissed for lack of diversity jurisdiction.

I.      FACTS

The allegations in Plaintiff's Complaint (Doc. 57) are accepted as true for the purposes of the Rule 12(b)(6) motions to dismiss. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Plaintiffs entered into a residential mortgage loan in November 1996 to refinance their condominium mortgage loan, yet the PIN was incorrectly recorded as -1002 rather than -1001. (Doc. 57, ¶4-5). Plaintiffs corrected the error in 2003 by recording an amended warranty deed with the correct -1001 PIN. (¶ 9, Ex. A). In November 2009, the property taxes for the -1002 property went delinquent. (¶6). Erroneously believing Plaintiffs were delinquent, Wachovia placed approximately $5,000 of Plaintiffs' funds in escrow, disbursed that amount to pay property taxes to Cook County, and added that amount to Plaintiffs' principal loan balance. (¶13-17). On December 2, 2009, Plaintiffs sent a letter to Wachovia stating that Plaintiffs' property taxes had always been paid in full and requesting that Wachovia update its records to reflect the fixed PIN. (¶ 18, Ex. B). On December 3, 2009, Wachovia confirmed receipt of the letter but took no further action until Plaintiffs initiated an inquiry with the Comptroller of the Currency, whereupon Wachovia acknowledged the mistake on March 19, 2010, and advised Plaintiffs to pursue restitution from Cook County. (¶¶39-43, Exs. E, F). Curiously, Wachovia sent Plaintiffs a Notice of Intent to Foreclose on September 22, 2010. (¶44, Ex. G). Plaintiffs claim that Wachovia has yet to correct the principal loan balance, the amount held in escrow and the total amount due on their mortgage. (¶ 45).

II.     STANDARD

When considering a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To properly state a valid claim, the

complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. If the factual allegations are well-pleaded, the Court assumes their veracity and then turns to determine whether they plausibly give rise to an entitlement to relief. *See Id.* A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Id.* at 1949.

### III.   DISCUSSION

#### A.  Actual Damages under RESPA

RESPA imposes duties on a real estate loan servicer; relevant here is the loan servicer's duty to acknowledge and respond to a borrower's qualified written request. RESPA requires the servicer to take corrective action within 60 days of receiving the request or to conduct an investigation and provide the borrower with a written explanation or clarification of the reasons for the action. 12 U.S.C. § 2605(e)(2). RESPA forbids a servicer from providing information regarding any overdue payment to any consumer reporting agency during the 60-day period. 12 U.S.C. § 2605(e)(3). RESPA explicitly provides for a servicer's liability for "any actual damages to the borrower as a result of the failure" to comply. 12 U.S.C. § 2605(f)(1)(A).

Wachovia claims the Plaintiffs' Complaint fails both to plead any actual damages and to demonstrate the causal connection between Wachovia's purported failure to comply with

RESPA and the damages they seek. Plaintiff's Complaint states that "as a direct result of Wachovia's conduct" they have incurred "late fees, penalty fees, and a negative impact to their personal credit ratings and histories—all of their reporting agency credit scores have decreased." (Doc. 57, ¶ 46). Yet, the documents that Plaintiffs attached to the Complaint directly negate that purported harm: Wachovia's letter to Plaintiffs on December 8, 2010, states that Wachovia recreated a loan history, recalculated payments as they should have occurred, and determined that Plaintiffs overpaid interest by $232.62. (Ex. J). That $232.62 was reversed from interest and applied to principal, and any late charges were waived. (Id.). The documents shows that Wachovia has not charged Plaintiffs any fees and has corrected Plaintiffs' account. Plaintiffs allege that despite Wachovia's "promise of rectification" it has not corrected their loan balance, (Doc. 57, ¶56), but that allegation is refuted by the facts as pled. *See Abcarian v. McDonald*, 617 F.3d 931 (7th Cir. Ill. 2010) (when a written instrument contradicts the allegations in the complaint to which it is attached, the exhibit trumps the allegations); *see, e.g., Ashcroft v. Iqbal*, 129 S. Ct. at 1950 ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—-but it has not "show[n]"–-"that the pleader is entitled to relief.") (quoting Fed. Rule Civ. Proc. 8(a)(2)). The allegation fails due to the documents which show that Plaintiffs have not incurred late fees or penalty fees. *See also Okoye v. Bank of N.Y. Mellon*, 2011 U.S. Dist. LEXIS 82769 at *56-57 (D. Mass. July 28, 2011) (dismissing a RESPA action because fees and other charges largely assessed prior to plaintiff-borrower's sending the first qualified written request were insufficient to allege damages); *Copeland v. Lehman Bros. Bank*, 2011 U.S. Dist. LEXIS 123, 2011 WL 9503, at *4 (S.D. Cal. Jan. 3, 2011) (dismissing a RESPA action because conclusory allegations regarding additional

fees, legal fees, missed work, emotional distress, and revocation of credit rating were insufficient to allege actual damages).

Plaintiffs' Complaint states that they have "expended substantial time, money and effort in attempting to correct Wachovia's mistakes, including the retention of two attorneys, the authorship of multiple letters, and the initiation of a complaint with the [Comptroller of the Currency]." (Doc. 57, ¶ 48). The costs of bringing a RESPA action do not constitute actual damages; instead, "in the case of any successful action under [§ 2605], the costs of the action, together with any attorneys fees incurred with such action as the court may determine to be reasonable" would be due "in addition to" actual damages. *See* § 2605(f)(3); *see also Sullivan v. JP Morgan Chase Bank, NA*, E.D.Cal. 2010, 725 F. Supp. 2d 1087 (dismissing RESPA claim because plaintiff-borrowers' costs of suit were insufficient to plead actual harm required to state a claim for actual damages); *see also Lal v. American Home Servicing, Inc.*, E.D. Cal.2010, 680 F. Supp. 2d 1218, 1223 (dismissing RESPA claim because plaintiff-borrowers' "incorporated damages" of having to bring suit against servicer were not actual damages "as a result of" servicer's alleged failure to comply with RESPA). Plaintiffs point to *Johnstone v. Bank of America, N.A.*, in which a borrower-plaintiff's late fees, penalties and attorneys' fees were compensable actual damages to survive the servicer's motion to dismiss. 173 F.Supp.2d 809, 813-814 (N.D.Ill. 2001). However, in that case the attorneys' fees were due to the servicer's improper foreclosure on the borrower-plaintiff's property, which forced her to hire an attorney to defend herself in those proceedings. *Id.* Here, Plaintiffs had not been forced to hire an attorney to defend their property from foreclosure, to dispute late fees or even to rectify their accounts–instead, they hired an attorney to file this lawsuit. Consequently, Plaintiffs have failed to plead actual damages.

That leaves the purported negative impact to Plaintiff's credit rating. Wachovia attempts to sidestep the issue by narrowing the question to precisely how a servicer's failure to respond to a borrower's inquiry—as opposed to a servicer's failure to properly service the loan— directly causes actual damages, which conveniently ignores that § 2605(e)(3) forbids a servicer from providing information regarding any overdue payment to any consumer reporting agency during the 60-day period. Plaintiffs allege that Wachovia wrongfully informed the reporting agencies of their apparent delinquencies during the 60-day period following their December 2, 2009, qualified written request, and that "as a direct result of Wachovia's conduct" they were denied credit by a car dealership that "relied on the inaccurate information" that Wachovia submitted to the reporting agencies. (Doc. 57, ¶ 43, 47). Wachovia does not advance that it never wrongfully informed the reporting agencies of Plaintiffs apparent delinquencies during the 60-day period. Instead, Wachovia argues that Plaintiffs' pleadings fail to establish that the cause for the denial of the car loan can be traced back to any wrongful information that Wachovia may have provided. The denial letter states the cause was "TransUnion" and nothing more. (Doc. 47, Ex. C). That letter also informs Plaintiffs they have a right to a statement of specific reasons if they contact Ally Financial within 60 days. Plaintiffs do not allege that they ever sought the specific reasons. Instead, Plaintiffs argue that their fiscal habits were otherwise impeccable so the apparent delinquencies must be the specific reasons, which means Wachovia must have provided that information to TransUnion. Wachovia argues that the process of elimination requires more precision before their suspicion can be confirmed.

Incomprehensibly, both parties fail to cite the sole Seventh Circuit precedent interpreting RESPA and its actual damages. *See Catalan v. GMAC Mortgage Corporation*, 629 F.3d 676 (7th Cir. Ill. 2011). In *Catalan*, the Seventh Circuit reversed the district court's grant of

summary judgment in favor of the servicer premised on the safe harbor provision of 12 U.S.C. § 2605(f)(4). *See Id.* at 680. The *Catalan* Court addressed damages: the servicer argued that the borrower's subsequent numerous denials of mortgage loan applications, as evidenced by loan officers' statements, was inadmissible, and that the borrowers' emotional distress, to which the borrowers testified, was conclusory. *Id.* at 695-696. The Seventh Circuit found that material issues of admissible facts remained to preclude summary judgment, but also cautioned that "[i]n the long run, of course, simply being denied a loan that would have to be repaid would not be sufficient by itself to prove damages; the plaintiffs would need to show further damages resulting from the loan denial." *Id.* at 695, n.9. Here, Plaintiffs allege that the loan denial resulted in a decrease in their credit score. The Court draws all reasonable inferences in Plaintiffs' favor for the purpose of the motion to dismiss, and assumes that Plaintiffs' credit scores were harmed. But Plaintiffs do not allege that they were required to pay a higher interest rate for credit to purchase that car, had their credit limits lowered, were required to make deposits to make purchases on credit, or were denied refinancing by other mortgage servicers such as the plaintiffs in *Catalan*. *See Id.*; *see in re Holland*, 2008 Bankr. LEXIS 3411, 2008 WL 4809493, at *10 (Bankr. D. Mass. Oct. 30, 2008) (dismissing RESPA claim because alleging additional fees and interest accrual is not sufficient when those amounts are not quantified); *cf. Hutchinson v. Delaware Sav. Bank*, FSB, 410 F. Supp. 2d 374, 382-83 (D.N.J. 2006) (plaintiff-borrower's allegation that negative credit reports caused them to lose the ability to obtain and borrow another mortgage loan was sufficient to state a RESPA claim). Accordingly, Plaintiffs have not alleged a pecuniary loss and consequently have not pled actual damages sufficient to raise the possibility of relief above the speculative level. *See Aiello v. Providian Fin. Corp.*, 239 F.3d 876, 881 (7th Cir. 2001) (stating that a plaintiff must first show that she had suffered a

financial loss, before being permitted to piggyback a claim for damages for incidental emotional distress). Because Plaintiffs have failed to plead any actual damages as required under RESPA, they have failed to adequately plead a claim for violation of § 2605(e)(2) upon which relief can be granted. S*ee Lane v. Vitek Real Estate Industries Group*, 713 F.Supp.2d 1092 (E.D.Cal. 2010) ("Although [§2605(f)] does not explicitly make a showing of damages part of the pleading standard, a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim.") (citations omitted) (citing cases); *Allen v. United Fin. Mortgage Corp.*, 660 F.Supp.2d 1089, 1097 (N.D.Cal. 2009) (dismissing RESPA claim because "the requirement that plaintiffs plead pecuniary damage is not a mere pleading formality; it is a requirement that has the effect of limiting the cause of action to circumstances in which plaintiffs can show that a failure of notice has caused them actual harm.") Consequently, the Court grants Wachovia's motion to dismiss Count II. Plaintiffs' § 2605(e)(2) claim is therefore dismissed.

      B. **Defamation under Illinois Law**

Plaintiffs allege in newly-added Count III that Wachovia defamed them by communicating false information to the credit reporting agencies. Wachovia moves to dismiss the defamation claim in Count III, alleging it fails to identify any specific defamatory words and is preempted by the FCRA. The parties dispute whether Plaintiffs must "specifically identify the words said to be defamatory and hence actionable" as required by *Morris v. Househould Mortg. Servs., Inc.*, 350 F.Supp.2d 786, 786 (N.D. Ill. 2004). Plaintiffs attempt to recast *Morris* as falling under the Illinois law for a claim of defamation *per se*, which has a higher pleading standard because it applies to five specific categories of defamation so blatantly injurious that damages are presumed. *See Green v. Rogers*, 234 Ill. 2d 478, 491 (Ill. 2009) (categories of

8

statements that are defamatory *per se* include words that impute: 1) criminal activity; 2) loathsome communicable disease; 3) lack of integrity in employment duties; 4) lack of ability in profession; 5) adultery or fornication). Yet the facts in *Morris* are nearly identical to Plaintiffs', and both are instead claims of defamation *per quod*. *See Id.* (dismissing borrower-plaintiff's defamation claim against servicer for failing to specifically identify the words servicer communicated to credit reporting agencies).

The Illinois law that covers their claim is that of defamation *per quod*, which has a lower pleading standard because it applies to cases in which the defamatory character of the statement is not apparent on its face. *See Id.*; *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 933 (N.D. Ill. 2000); *Green*, 234 Ill. 2d at 495 ("Of course, a plaintiff can always avoid this [*per se*] heightened pleading standard by seeking to establish a defamation *per quod* claim rather than a defamation *per se* claim, as damages are not presumed in *per quod* claims."). The caveat—which proves fatal to their claim—is that the lowered pleading standard in a claim of defamation *per quod* is accompanied by special damages: "the plaintiff must plead and prove that she sustained actual damage of a pecuniary nature ("special damages") to recover." *Bryson v. News Am. Publs.*, 174 Ill. 2d 77 (Ill. 1996); *Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc.*, 227 Ill. 2d 381, 390 (Ill. 2008) (accord). As analyzed above, the Court found that Plaintiffs failed to articulate any damages of a pecuniary nature. *See also Dornhecker.*, 99 F. Supp. 2d at 933 (citing Illinois appellate court case that "arguably supports the proposition that [plaintiff] has sufficiently pleaded special damages since he claims he was denied credit" but finding his claim time-barred; that Illinois case was subsequently reversed by the Supreme Court of Illinois) (citing *Voyles v. Sandia Mortgage Corp.*, 311 Ill. App. 3d 649, 724 N.E.2d 1276, 244 Ill. Dec. 192 (2000), *rev'd* 196 Ill. 2d 288, 751 N.E.2d 1126, 256 Ill. Dec. 289 (2001).

Consequently, the Court grants Wachovia's motion to dismiss Count III. Plaintiffs' claim of defamation is therefore dismissed.

### C. Jurisdiction

The Court has an independent obligation to determine that jurisdiction is secure before proceeding to the merits. *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003). The RESPA claim in Plaintiffs' Complaint had constituted the federal question that conferred original jurisdiction upon the Court. 28 U.S.C. § 1331; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987). The only remaining claim is for breach of contract under Illinois law. Without federal question jurisdiction, the case in controversy may still be properly before the Court if the combination of both the parties' citizenship and amount in controversy provide diversity jurisdiction. See 28 U.S.C. § 1332(a) (diversity jurisdiction available when amount in controversy exceeds $75,000 and case is between citizen of a state and a citizen of a foreign state); *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 470 (7th Cir. Ill. 2011). Though Plaintiffs are individuals residing in Cook County, Illinois, and Wachovia is a North Carolina corporation, the Court fails to see how the breach of contract claim in Count I could amount to more than $75,000 in damages, particularly when Wachovia states that it has waived all fees and reapplied the $232.62 to principal. (Ex. J).

In Plaintiff's claim for breach of contract, they do not allege a specific amount of damages; rather, they seek special damages for any late fees, penalties, increase in the principal loan amount, or decrease in their credit score; any interest; and entry of an order returning them to good standing with their credit reporting agencies. (Doc. 57, p. 9-10). *See Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (legal expenses incurred after filing do not count toward the amount in controversy). The late fees, penalties, increase in the principal loan

amount, and any interest have not been incurred by Plaintiffs. (Ex. J). That leaves the monetary value of their purported decrease in their credit score and their request for injunctive relief. "[T]he estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is legally impossible." *Back Doctors Ltd. v. Metro. Prop. & Cas. Co., Inc.*, 637 F.3d 827, 830 (7th Cir. 2011). That Plaintiffs could recover more than $75,000 in damages appears to the Court to be legally impossible. Furthermore, Plaintiffs do not request leave to amend their Complaint in the event that their claims had been dismissed—leave which would be entirely at the discretion of the Court. *See Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011). Consequently, the Court orders the parties to appear for a status hearing on April 3rd, 2012, for Plaintiffs to show cause why this suit should not be dismissed for lack of diversity jurisdiction.

### IV. CONCLUSION

The Court grants Wachovia's motion to dismiss Count II alleging Wachovia's violation of RESPA § 2605(e)(2), and Count III alleging Wachovia's defamation under Illinois law. Status is set for April 3rd, 2012.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: March 28, 2012

11